# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60337
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 28, 2018

Lyle W. Cayce
Clerk

MARTHA ODILIA MARTINEZ-DE TORRES,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 171 696

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Martha Odilia Martinez-De Torres, a native and citizen of El Salvador, seeks review of the Board of Immigration Appeals' (BIA) dismissal of her appeal from the Immigration Judge's (IJ) denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Martinez challenges the BIA's determining she was not entitled to

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-60337

asylum and withholding of removal based on her membership in a particular social group.  (As discussed *infra*, the CAT claim is abandoned.)

As a general matter, we lack jurisdiction to review an issue for which an alien failed to exhaust all administrative remedies available to her as of right. *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004); 8 U.S.C. § 1252(d)(1). Martinez contends she is entitled to asylum and withholding of removal because she is a member of particular social group:  small-business owners of the Torres family from Sonsonate, El Salvador.  The BIA ruled Martinez did not adequately assert this theory before the IJ.   Because Martinez first asserted this claim in her appeal to the BIA, it is not properly exhausted; therefore, we lack jurisdiction to consider it.  *E.g.*, *Eduard v. Ashcroft*, 379 F.3d 182, 195 n.14 (5th Cir. 2004) (citing *Matter of Jimenez-Santillano*, 21 I.&.N. Dec. 567, 570 n.2 (BIA 1996)) ("BIA need not consider an issue raised for the first time on appeal").

For those issues exhausted before the IJ and BIA, we review questions of law *de novo*; factual findings, for substantial evidence.  *Mercado v. Lynch*, 823 F.3d 276, 278 (5th Cir. 2016). To succeed under the substantial-evidence standard, Martinez "must show that the evidence was so compelling that no reasonable factfinder could conclude against it".  *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009).

The BIA concluded Martinez was not entitled to asylum and withholding of removal because the other particular social groups she proposed—variants of successful Salvadoran business owners who had been extorted or otherwise threatened by gangs—did not constitute cognizable social groups under the immigration laws, were not perceived as distinct social groups by Salvadoran society, and were defined exclusively by their persecution.  The BIA further

2

No. 17-60337

determined Martinez was subjected to economic extortion, rather than persecution based on her membership in a particular social group.

To the extent Martinez reurges these claims without meaningfully challenging the BIA's reasons for its decision, she has failed to adequately brief them and has, accordingly, abandoned them. *E.g.*, *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). (Similarly, as noted *supra*, Martinez has abandoned any claim for relief under the CAT. *E.g.*, *id.*)

DISMISSED IN PART; DENIED IN PART.